# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5027 | **DATE** | 4/27/2004 |
| **CASE TITLE** | SEC vs. National Presto Industries, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Reconsider Transfer

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's Motion to Reconsider Transfer [docket entry 23-1] is denied. See attached.

*/s/ Charles R. Norgle/*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | 4/28/04 date docketed | |
| X | Docketing to mail notices. | | 264 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

UNITED STATES SECURITIES AND )
EXCHANGE COMMISSION, )
)
    Plaintiff, )
) Case No. 02 C 5027
v. )
) Honorable Charles R. Norgle
NATIONAL PRESTO INDUSTRIES, INC., )
)
    Defendant. )

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge:

Before the court is Defendant's Motion to Reconsider Transfer [docket entry 23-1]. For the following reasons, the motion is denied.

## I. INTRODUCTION

The United States Securities and Exchange Commission ("SEC") filed this action in the Northern District of Illinois against National Presto Industries, Inc. ("National Presto") alleging that it has been operating an as unregistered investment company in violation of the Investment Company Act of 1940, 15 U.S.C. §§ 80a-1 et seq. In response, National Presto filed a motion to transfer venue to the Western District of Wisconsin pursuant to 28 U.S.C. § 1404(a).

In an order dated March 6, 2003, the court denied National Presto's motion to transfer to the Western District of Wisconsin pursuant to 28 U.S.C. § 1404(a), holding that National Presto had not carried its burden of demonstrating that the Western District of Wisconsin would be a more convenient forum. See Minute Order of March 6, 2003 [docket entry 15-1].

National Presto filed a petition for a writ of mandamus in the Seventh Circuit Court of

Appeals, seeking review of the court's March 6, 2003 order denying transfer and asking the Seventh Circuit to transfer the action to the Western District of Wisconsin. In an opinion dated October 21, 2003, the Seventh Circuit denied the petition for mandamus. See In re National Presto Indus., Inc., 347 F.3d 662, 665 (7th Cir. 2003).

In light of the Seventh Circuit's opinion, National Presto filed the instant Motion to Reconsider Transfer. The motion is fully briefed and before the court.

## II. STANDARD OF DECISION

National Presto's instant motion seeks reconsideration of the court's March 6, 2003 order denying the motion to transfer to the Western District of Wisconsin pursuant to 28 U.S.C. § 1404(a), an interlocutory order. National Presto states that the instant motion is brought "[p]ursuant to Federal Rule of Civil Procedure 54(b) and pursuant also to the common law of reconsideration . . . ." Def.'s Mot. to Reconsider, at 1. While there is no Federal Rule of Civil Procedure that allows the filing of a motion to reconsider an interlocutory order, district courts have recognized such motions, finding the authority to consider such motions in the authorities cited by National Presto. See, e.g., Neal v. Honeywell, Inc., No. 93 C 1143, 1996 WL 627616, at *2 (N.D. Ill. Oct. 25, 1996) (collecting authority); Shuff v. Consolidated Rail Corp., 865 F. Supp. 469, 472-73 (N.D. Ill. 1994).

District courts possess the inherent authority to modify interlocutory orders. See Cameo Convalescent Ctr., Inc. v. Percy, 800 F.2d 108, 110 (7th Cir. 1986); Kapco Mfg. Co. v. C & O Enterprises, Inc., 773 F.2d 151, 154 (7th Cir. 1985) (stating district courts "always ha[ve] the power to modify earlier orders in a pending case"). However, "as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" Christianson v. Colt Indus. Operation Corp., 486

2

U.S. 800, 817 (1988) (quoting Arizona v. California, 460 U.S. 605, 618 n.8 (1983)).

As an exercise of a court's inherent authority, a motion to reconsider an interlocutory order is appropriate where: (1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in the law since the submission of the issue to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court. See, e.g., Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990); Neal, 1996 WL 627616, at *2.

These grounds represent extraordinary circumstances, and the granting of a motion to reconsider is to be granted only in such extraordinary circumstances. See id. (stating that "[s]uch problems rarely arise and the motion to reconsider should be equally rare"). Motions to reconsider are not at the disposal of parties who want to "rehash" the same arguments that were originally presented to the court. See In re Oil Spill by "Amoco Cadiz" Off Coast of France on March 16, 1978, 794 F. Supp. 261, 267 (N.D. Ill. 1992). Indeed, the court's orders are not "mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Industries, Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988).

National Presto claims that its motion to reconsider should be granted based on two grounds: a controlling or significant change in the law and the facts since the submission of the issue to the court. In response, the SEC claims that neither a controlling or significant change in the law nor the facts has occurred since the submission of the issue to the court.

3

## III. ANALYSIS

### A. *Controlling or Significant Change in the Law*

National Presto claims that the Seventh Circuit's In re National Presto opinion represents a controlling and significant change in the law since the court's March 6, 2003 order denying the motion to transfer to the Western District of Wisconsin pursuant to 28 U.S.C. § 1404(a). According to National Presto, the Seventh Circuit decided an issue of first impression and settled the law of this Circuit concerning transfer motions where a governmental agency is the plaintiff, which this court previously found unsettled, and thus reconsideration is appropriate. See Def.'s Mem. in Supp. of Reconsideration, at 3. In response, SEC claims that National Presto's argument mischaracterizes both the decisions of this court and the Seventh Circuit. See Pl.'s Mem. in Opp. to Reconsideration, at 3.

A preliminary point of clarification is in order with regard to the decisions of this court and the Seventh Circuit. This court's March 6, 2003 order held that National Presto had not carried its burden under § 1404(a) of demonstrating that the Western District of Wisconsin would be a more convenient forum. See Minute Order of March 6, 2003. After reviewing the parties' submissions, the court rejected National Presto's argument that the SEC's choice of forum should be given no deference because the Northern District of Illinois had no substantial connection to the litigation. Id. The court indicated that under the Investment Company Act of 1940, Congress gave the SEC wide discretion in selecting a venue to enforce violations of the Act. Id. (citing 15 U.S.C. § 80a-43 (2003)). The court also found that the Northern District of Illinois did have a substantial connection to the litigation because the SEC conducted the investigation of National Presto from its Chicago office. Id. Having found that the Northern District of Illinois did have a substantial connection to

4

the litigation, the court stated: "A court will not grant a motion to transfer if it will merely shift the inconvenience from one party to another." Id. (citing Medi USA, L.P. v. Jobst Institute, Inc., 791 F. Supp. 208, 211 (N.D. Ill. 1992)). The court did not find that the law of this Circuit was unsettled concerning transfer motions where a governmental agency is the plaintiff; rather, the court simply stated: "[National Presto] offers no authority showing that a transfer of venue is proper where the government's primary connection to an action is that its investigation was conducted from offices within the venue." Id. Thus, having found that the Northern District of Illinois did have a substantial connection to the litigation, the court indicated that it was "not persuaded by [National Presto's] arguments under the § 1404 transfer." Id.

In its petition for mandamus, National Presto again argued that the SEC's choice of forum should be given no deference because the Northern District of Illinois had no substantial connection to the litigation, other than the fact that the SEC conducted its investigation from its Chicago office. The Seventh Circuit described that argument as "a bit of an exaggeration, since Presto operates throughout the country and at least two investors alleged to have been harmed by its alleged violation of the Investment Company Act are located in Chicago." In re National Presto, 347 F.3d at 664.

In its opinion, the Seventh Circuit stated: "The petition raises the question, on which there are no cases in this court and few elsewhere, of the weight to be given a government agency's appeal to convenience in resisting a motion for change of venue." Id. at 663. The Seventh Circuit began its analysis reiterating the well-established standard in deciding transfer motions that "'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" Id. (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)). The Seventh Circuit further reiterated the well-established standard in deciding transfer motions that "[w]hen plaintiff

5

and defendant are in different states there is no choice of forum that will avoid imposing inconvenience; and when the inconvenience of the alternative venues is comparable there is no basis for a change of venue; the tie is awarded to the plaintiff . . . ." Id. at 665. The Seventh Circuit addressed the question presented by National Presto's petition, stating: "We think this principle should hold even when one of the parties is a federal agency that will suffer inconvenience if forced to litigate in the defendant's district because the agency or its field office is in another district." Id. Thus, the Seventh Circuit clarified that a governmental agency's choice of forum is entitled to no greater or lesser deference than any other litigant under a § 1404(a) analysis.

Proceeding to discuss the relevant §1404(a) factors, the Seventh Circuit stated:

> We doubt that the balance of convenience actually favors the SEC or even that we have a tie. Given the location of documents, the limited subpoena power of the Northern District of Illinois with regard to Presto's potential witnesses, and the lighter docket in the Western District of Wisconsin, we suspect that the balance favors the Western District. But the balance is not so far askew as to justify the extraordinary relief sought by Presto.

Id. Based upon the Seventh Circuit's opinion, National Presto contends that the court must revisit its analysis of the relevant § 1404(a) factors, and transfer the action to the Western District of Wisconsin.

The court agrees with the SEC's position that the Seventh Circuit's opinion does not represent a controlling or significant change in the law since the submission of the issue to the court. After considering the factors relevant to transfer under § 1404(a) raised by both National Presto and the SEC, the Seventh Circuit declined to order this court to transfer the action to the Western District of Wisconsin. The Seventh Circuit simply clarified that a governmental agency's choice of forum is entitled to no greater or lesser deference than any other litigant under a § 1404(a) analysis - a

6

proposition implicit in this court's March 6, 2003 order denying transfer. Thus, the In re National Presto opinion presents no change in the law and does not impact the court's reasoning for decision in its March 6, 2003 order.

## B. *Controlling or Significant Change in the Facts*

National Presto also claims that new events occurring since the court's March 6, 2003 order denying the motion to transfer to the Western District of Wisconsin pursuant to 28 U.S.C. § 1404(a) confirm the propriety of transfer.

"To support a motion for reconsideration based on newly discovered evidence, the moving party must 'show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence [during the pendency of the motion].'" Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1269-70 (7th Cir. 1996) (quoting Engelhard Indus., Inc. v. Research Instrumental Corp., 324 F.2d 347, 352 (9th Cir. 1963)). Motions to reconsider are not at the disposal of parties who want to "rehash" the same arguments that were originally presented to the court. See In re Oil Spill by "Amoco Cadiz", 794 F. Supp. at 267.

According to National Presto, these new events are: (1) SEC's requests for documents, the originals of which are located at National Presto's headquarters in Eau Claire, Wisconsin; (2) SEC's notices of depositions to take place in the Western District of Wisconsin; and (3) SEC's responses to interrogatories indicating that it does not intend to call any witnesses located in the Northern District of Illinois. In contrast, SEC claims that these events are not "new" and do not support reconsideration of the court's March 6, 2003 order denying transfer. Specifically, SEC claims that all of these matters were addressed in the original motion to transfer.

7

The court agrees with SEC's position that there has not been any controlling or significant change in the facts to warrant reconsideration. National Presto raised the argument that the originals of relevant documents were located at its headquarters in Eau Claire, Wisconsin in its initial motion to transfer. Also, in its response to National Presto's motion to transfer, the SEC stated that depositions would be taken where witnesses were located, in order to minimize any burden on the witnesses. Furthermore, as SEC indicates, Federal Rule of Civil Procedure 45 requires that "a party or attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." Fed. R. Civ. P. 45(c)(1). Lastly, in its response to National Presto's motion to transfer, SEC did not claim that likely witnesses were located in the Northern District of Illinois. In sum, National Presto has not offered any new facts that would alter the reasoning for decision in the court's March 6, 2003 order denying the motion to transfer. See Caisse Nationale, 90 F.3d at 1269-70; see also In re Oil Spill by "Amoco Cadiz", 794 F. Supp. at 267 (indicating that motions to reconsider are not at the disposal of parties who want to "rehash" the same arguments that were originally presented to the court).

*C. Review of the Court's March 6, 2003 Order*

As indicated, there has been no controlling or significant change in the law or the facts since court's March 6, 2003 order denying the motion to transfer to the Western District of Wisconsin pursuant to 28 U.S.C. § 1404(a). In that order, the court held that National Presto had not carried its burden under § 1404(a) of demonstrating that the Western District of Wisconsin would be a more convenient forum. See Minute Order of March 6, 2003. However, with an abundance of caution, the court has reviewed its analysis and finds no reasons why that order should not stand, even in light of the Seventh Circuit's opinion.

The SEC filed this action alleging that National Presto has been operating an as unregistered investment company in violation of Section 7(a) of the Investment Company Act of 1940, 15 U.S.C. §§ 80a-7(a). See Pl.'s First Am. Compl., ¶¶ 1-2. The dispositive issue will be whether National Presto is primary engaged in the business of investing in securities. See 15 U.S.C. § 80a-3(b)(1). Thus, the core of this case involves records and documents. Neither party has argued that a large number of witnesses will be called; and, to the extent that experts will be called, it is likely that traveling to and from Chicago would be less burdensome. Arguably, the issues in this matter may invite motions for summary judgment.

The SEC further alleged that as a result of National Presto's failure to register as an investment company, shareholders nationwide, including those in the Northern District of Illinois, have been denied the protections of the Investment Company Act. See Pl.'s First Am. Compl., ¶ 14. Consequently, no one forum is the geographical focal point of this litigation and this is not a parochial matter limited to Eau Claire, Wisconsin. Furthermore, as SEC's allegations of National Presto's conduct imply a national impact, this action may have been brought in any number of district courts, as Congress gave the SEC wide discretion in selecting a venue to enforce violations of the Investment Company Act, and thereby enforce the regulatory scheme envisioned by Congress when it passed Investment Company Act. See 15 U.S.C. § 80a-43; see also Zorn v. Anderson, 263 F. Supp. 745, 747 (S.D.N.Y. 1966) (stating that the venue of actions brought for violations of the Investment Company Act is governed by the special venue provision of the statute rather than by reference to the general venue statute, 28 U.S.C. § 1391). As the Seventh Circuit noted, the SEC has eleven regional offices, of which the Chicago office is the one closest to National Presto's Eau Claire, Wisconsin headquarters. See In re National Presto, 347 F.3d at 664-65. As the SEC has

repeatedly stated, it chose to file this action in the Northern District of Illinois for the convenience of all parties and potential witnesses to the litigation. "It is not as if the SEC were trying to make Presto defend in Miami, where another of [SEC's] regional offices is located." Id. at 665.

Therefore, while the court possesses the inherent authority to modify interlocutory orders, National Presto has not presented an extraordinary circumstance that would warrant the exercise of that authority. See Christianson, 486 U.S. at 817 (indicating that "as a rule courts should be loathe to do [reconsider interlocutory orders] in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice'"). The court's review of its March 6, 2003 order reveals that the decision was not "clearly erroneous [nor] would work a manifest injustice" if National Presto were to continue litigating this action in the Northern District of Illinois. Christianson, 486 U.S. at 817. Transfer to the Western District of Wisconsin is not warranted.

## IV. CONCLUSION

For the foregoing reasons, National Presto's Motion to Reconsider Transfer is denied.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 4-27-04

10