# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5027 | **DATE** | 5/19/2004 |
| **CASE TITLE** | United States Securities & Exchange vs. National Presto Industries | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Agreed Protective Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| ✓ | Notified counsel by telephone. | 5-24-04 date docketed | | 31 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| EF | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, ) ) ) | |
| Plaintiff, ) | Case No. 02 C 5027 |
| v. ) ) | Judge Charles R. Norgle, Sr. |
| NATIONAL PRESTO INDUSTRIES, INC., ) ) | Magistrate Judge Michael T. Mason |
| Defendant. ) ) ) ) | |

## AGREED PROTECTIVE ORDER

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.  There is established by the Court a zone of confidentiality into which National Presto Industries, Inc. ("National Presto") may place any non-public information or document produced by National Presto, and its current or former affiliates, officers, directors, employees or agents in response to discovery processes (e.g. Interrogatories, Requests for Production, etc.) or arising during the course of any deposition. This Protective Order covers or otherwise pertains to "CONFIDENTIAL" information and material as defined below and has no bearing upon and, thus, places no restrictions or constraints on the publication, dissemination or use of any "nonconfidential" information or material.

2.  This zone of confidentiality is for the protection of the information which National Presto claims to be a trade secret or other "CONFIDENTIAL" research, development or commercial information not readily available to the public.

3.  This Protective Order covers only documents and/or information requested, obtained or otherwise produced "through the discovery process" in this case.

4. The term "CONFIDENTIAL" (so as to afford the party making such designation protection against publication, dissemination and/or use of such information beyond the boundaries set forth in this order) as used herein, shall be limited to the following:

    a. customer pricing requests; contract terms; sales volume and pricing information; advertising allowances; shipping terms; payment and credit arrangements; sales forecasts; and figures on returned product excess inventory, and unsold goods;

    b. National Presto's marketing strategy;

    c. product designs, plans, drawings and specifications past or present; invention submissions; new product committee minutes; product announcement and roll-out plans; product testing information and results; and product quality information;

    d. specifics regarding National Presto's manufacturing operations, including design and part specifications and plans; tooling guidelines for the manufacturing equipment; packaging requirements; pricing; contract terms with overseas vendors; and the identities of overseas vendors;

    e. non-public information relating to National Presto's potential and/or anticipated acquisitions.

5. The parties and their attorneys shall not give, show, or otherwise, either directly or indirectly, divulge, publish or disseminate any "CONFIDENTIAL" information (as that term is specifically defined herein above) produced by defendant National Presto in this action, or the substance thereof, or any copies, descriptions, prints, negatives, or summaries thereof and will not use or disclose any information contained therein to any entity, person or the public in general except as provided in subparagraphs (a) through (r) below:

    a. to counsel of record for the parties herein;

    b. to paralegals, legal assistants, stenographic, clerical and others directly or specially employed by counsel of record in this case;

    c. to court reporters and employees of court reporters engaged by counsel for the parties herein to record and transcribe testimony in connection with this case;

  d. to experts and consultants, including independent experts and consultants, and employees or clerical assistants of such experts, who are retained, employed or otherwise consulted by counsel for or by the parties herein to assist or otherwise participate in the preparation for and/or trial of this case in addition to any employee of a party required to assist counsel in preparation for trial;

  e. to any person from whom testimony is taken or to be taken in this action ("witness"), provided that such a person only be shown copies of material which contains "CONFIDENTIAL" information during his or her testimony or in the actual course of preparation therefor and may not retain any material designated as such;

  f. to any United States Securities and Exchange Commission ("Commission") employee;

  g. to this Court and its employees or agents;

  h. for any law enforcement purpose, to any civil or criminal federal, state, local or foreign law enforcement or governmental agency or authority, securities self-regulatory organization, and foreign securities authority;

  i. In connection with their regulatory and enforcement responsibilities mandated by the federal securities laws, or state or foreign laws regulating securities or other related matters, documents may be disclosed to national securities associations that are registered with the Commission, the Municipal Securities Rulemaking Board, the Securities Investor Protection Corporation, the federal banking authorities, including but not limited to, the Board of Governors of the Federal Reserve System, the Comptroller of the Currency, and the Federal Deposit Insurance Corporation, state securities regulatory or law enforcement agencies or organizations, or regulatory law enforcement agencies of a foreign government, or foreign securities authority.

  j. To any persons during the course of any inquiry or investigation conducted by the Commission's staff, or in connection with civil litigation, if the staff has reason to believe that the person to whom the record is disclosed may have further information about the matters related therein, and those matters appear to be relevant at the time to the subject matter of the inquiry;

  k. In any proceeding where the federal securities laws are in issue or in which the Commission, or past or present members of its staff, is a party or otherwise involved in an official capacity;

  l. To any person with whom the Commission contracts to reproduce, by typing, photocopy or other means, any documents for use by the Commission and its staff in connection with their official duties or to

3

any person who is utilized by the Commission to perform clerical or stenographic functions relating to the official business of the Commission.

  m. To any person who is or has agreed to be subject to the Commission's Rules of Conduct, 17 CFR 200.735-1 *et seq.*, and who assists in the investigation by the Commission of possible violations of federal securities laws (as defined in Section 21(g) of the Securities Exchange Act of 1934, 15 U.S.C. 78u(g)), in the preparation or conduct of enforcement actions brought by the Commission for such violations, or otherwise in connection with the Commission's enforcement or regulatory functions under the federal securities laws.

  n. To a Congressional office in response to an inquiry from the Congressional office.

  o. when considered appropriate, records in this system may be disclosed to a bar association, the American Institute of Certified Public Accountants, a state accountancy board or other federal, state, local or foreign licensing or oversight authority, foreign securities authority, or professional association or self-regulatory authority performing similar functions, for possible disciplinary or other action;

  p. to any trustee, receiver, master, special counsel, or other individual or entity that is appointed by a court of competent jurisdiction or as a result of an agreement between the parties in connection with litigation or administrative proceedings involving allegations of violations of the federal securities laws, where such trustee, receiver, master, special counsel or other individual or entity is specifically designated to perform particular functions with respect to, or as a result of, the pending action or proceeding or in connection with the administration and enforcement by the Commission of the federal securities laws or the Commission's Rules of Practice;

  q. for inclusion in reports published by the Commission pursuant to authority granted in the federal securities laws;

  r. To any government agency, governmental or private collection agent, consumer reporting agency or commercial reporting agency, governmental or private employer of a debtor, or any other person, for collection, including collection by administrative offset, federal offset, tax refund offset, or administrative wage garnishment, of amounts owed as a result of Commission civil or administrative proceedings.

  6. Those persons or entities who are given access to "CONFIDENTIAL" information pursuant to subparagraphs (a)-(e) of Paragraph 5 above shall be presented with a copy of this Order by the attorney making the disclosure and shall agree to abide and, thus, be

4

fully bound by its terms by executing a written confidentiality agreement attached hereto as Exhibit A.

7. Notwithstanding Paragraph 5 above, counsel of record for the Commission may disseminate "CONFIDENTIAL" information in response to subpoenas in any litigation or other proceeding, provided that no "CONFIDENTIAL" information may be disseminated until seven (7) days after National Presto receives notification of the Commission's intention to disseminate National Presto's "CONFIDENTIAL" information (the "Notice"). Within six (6) days of National Presto's receipt of the Notice of the Commission's intent to disseminate the information in response to subpoena in any litigation or other proceeding, National Presto may timely notify the Commission of its objection, which objection shall be made in good faith and on reasonable grounds. If an objection is made and the parties do not resolve the matter within five (5) days of National Presto's objection, National Presto shall have three (3) additional days to move the Court for a Protective Order. All notifications and objections made pursuant to this paragraph shall be in writing and served by facsimile and overnight courier. No disclosure of "CONFIDENTIAL" information shall be made until the parties resolve this matter, the objection is withdrawn, or the Court denies National Presto's motion for Protective Order.

8. National Presto shall not make blanket designations of confidentiality but shall designate a document or information within a document as "CONFIDENTIAL" only upon a good faith belief that the particular information falls within the scope of "CONFIDENTIAL" information under Federal Rule of Civil Procedure 26(c)(7) and the categories on information set forth in Paragraph 4 herein.

9. A document, interrogatory response, other discovery response, or deposition testimony shall be designated as "CONFIDENTIAL" by placing the word

"CONFIDENTIAL" on the first page or on an easily visible side of the document or by reference to the document's Bates number and/or Bates range. Deposition testimony shall be designated as "CONFIDENTIAL" by counsel by so indicating verbally and on the record at the time of the deposition. Deposition transcripts and all information exchanged in a deposition designated as "CONFIDENTIAL" shall be considered "CONFIDENTIAL" for a period of five (5) days after receipt of the deposition transcript. During those five (5) days, National Presto must designate the specific pages and lines of the transcript that contain "CONFIDENTIAL" information. Any portions of a deposition transcript designated as "CONFIDENTIAL" shall be disclosed only pursuant to the provisions of this Protective Order. If National Presto produces original documents for inspection by the Commission as they are kept in the usual course of National Presto's business, all such documents shall be presumed to be "CONFIDENTIAL" for purposes of the Commission's document review. National Presto shall reserve the right to place the word "CONFIDENTIAL" on any confidential document or designate the document as "CONFIDENTIAL" by identifying it by Bates number should the Commission select any such confidential document for copying.

10. Entering into this Order or producing or receiving any document identified as "CONFIDENTIAL" or otherwise complying with the terms of this Order shall not:

    a. Constitute an admission by the Commission that any document designated "CONFIDENTIAL" contains or reflects trade secrets or any other type of confidential information;

    b. Prevent the parties to this Order from agreeing to alter or waive the provisions or protections provided herein with respect to any discovery in this litigation;

    c. Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order.

CH\688545.1      018999-0016

11. If the Commission objects to National Presto's "CONFIDENTIAL" designation or marking, the Commission must state the objection with particularity, thereby advising National Presto of the objection. Upon receipt of any objection to a designation of "CONFIDENTIAL", the parties must within seven (7) days meet and confer in good faith to resolve the objection. If such objections cannot be resolved, National Presto shall have seven (7) days to petition the Court for a ruling on the issue whether the disputed document(s) are "CONFIDENTIAL". All objections pursuant to this paragraph shall be in writing and served by facsimile and overnight courier. No disclosure of "CONFIDENTIAL" information shall be made until the parties resolve this matter, the objection is withdrawn, or the Court denies National Presto's motion.

12. Any document that has been marked or otherwise designated as "CONFIDENTIAL" as set forth herein, and, if there is a dispute, is determined to be confidential by this Court, and which is used or submitted to the Court in connection with any filing or proceeding in this litigation, must be filed under seal with the clerk of the court.

13. All documents identified as "CONFIDENTIAL" shall be maintained in accordance the Commission's records retention polices or otherwise destroyed at the conclusion of this litigation.

14. Nothing in this Order shall preclude any person from seeking judicial relief, upon notice to the parties, with regard to any provision hereof.

15. This Order is without prejudice to either party's right to seek or oppose the protection or disclosure of any document or information that is the subject of this Order at the time of trial.

Respectfully submitted,

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION

By_____
Richard J. Gorman
Kathryn A. Pyszka
175 W. Jackson Blvd.
Suite 900
Chicago, IL 60604
(312) 353-7390

Respectfully submitted,

LATHAM & WATKINS

By_____
Kenneth G. Schuler
Erin A. Shaw
233 South Wacker Drive
Suite 5800 Sears Tower
Chicago, Illinois 60606
(312) 876-7700

SO ORDERED:

Dated: 5/19/04

By:_____
Judge Charles R. Norgle, Sr.
U.S. District Court for the
Northern District of Illinois

8

CH\688545.1                                                                018999-0016

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, ) ) ) | |
| Plaintiff, ) | Case No. 02 C 5027 |
| v. ) | Judge Charles R. Norgle, Sr. |
| ) NATIONAL PRESTO INDUSTRIES, INC., ) | Magistrate Judge Michael T. Mason |
| ) Defendant. ) ) ) | |

## DECLARATION OF ACKNOWLEDGMENT AND
## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, am employed by _____
_____.

I acknowledge that I have read the Protective Order entered in this action, and I personally agree to be bound by its terms. I will hold in confidence, will not disclose to anyone except as permitted under the Protective Order, materials designated as "CONFIDENTIAL" disclosed to me. At the conclusion of either this action or my connection with this action, I will return all materials designated as "CONFIDENTIAL," including but not limited to documents or things that I have prepared or for which I am responsible, to the counsel for the Commission or National Presto. I understand that any unauthorized disclosure of materials designated as "CONFIDENTIAL" constitutes a violation of the Order entered by the Judge in this matter, and I submit myself to the personal jurisdiction of the Court in the above-captioned matter for the purpose of enforcement of the Court's Order. I further understand that a party aggrieved by any unauthorized disclosure of materials designated as "CONFIDENTIAL" may seek to enforce the Judge's Order.

I, _____, declare under the penalty of perjury that the foregoing is true and correct.

Dated this _____ day of _____, 200\_\_.

_____
Signature

_____
Printed Name

2